UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENÉ DALLAS EDWARDS,<br><br>        Plaintiff,<br><br>  v.<br><br>LINDENWOLD POLICE DEPARTMENT,<br>et al.<br><br>        Defendants. | Civil Action No. 21-13076<br><br>**MEMORANDUM OPINION & ORDER** |

**HILLMAN**, **District Judge**

WHEREAS, Plaintiff, René D. Edwards, appearing pro se, has filed a complaint against Defendants Michael P. McCarthy, Jr. ("McCarthy"), Chief Lieutenant Heleston ("Heleston"), Patrolman McDowell ("McDowell"), Adam Ericco ("Ericco") (collectively "Individual Officers"), Lindenwold Police Department ("Police Department"), Office of Prosecutor/Special Prosecution Unit ("Prosecution Defendant"), Detective Christopher A. Leone ("Leone"), and City of Camden County[1] (collectively "Defendants"); and

---

[1] When referencing the "City of Camden County" within the Court's Opinion, the analysis is addressing the City of Camden. This is because Camden County is not itself a city and the Court interprets Plaintiff's Complaint to be an attempt to name the City of Camden as a defendant. The Court's analysis still refers to City of Camden County throughout the Opinion to be consistent with Plaintiff's Complaint.

1

WHEREAS, Plaintiff asserts several claims based on the Individual Officers' alleged actions of entering Plaintiff's home without a warrant, knocking down his apartment door, destroying his apartment locks, and battering Plaintiff; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application)(ECF No. 1-1); and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 U.S. Dist. LEXIS 137260, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.")(other citations omitted); and

WHEREAS, "the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner." Hickson, 2011 U.S. Dist. LEXIS 137260, at *1 (citing Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)).  For a Court to grant in forma pauperis status to a litigant, the litigant "must establish that he is unable to pay the costs of his suit." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).  "The Supreme Court has held that a plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" Chatman v. Allegheny County, 144 Fed. App'x 216, 217

2

(3d Cir. 2005) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)); and

WHEREAS, Plaintiff's application states that he has $50.00 in cash, his average monthly income is $814.00 from social security disability benefits, and his average monthly expenses are $1,837.00.  (ECF No. 1-1 at 1-5.)  Based on this information, the Court will grant Plaintiff's IFP application; and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 U.S. Dist. LEXIS 140747, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, when screening a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in

the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); and

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded to the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff's Complaint fails to allege any cognizable claims against the Prosecution Defendant and Leone. "A prosecuting attorney in the State of New Jersey 'who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution' is absolutely immune from suit." Oliveira v. Borough of N. Arlington, No. 15-7717, 2018 U.S. Dist. LEXIS 1117, at *7 (D.N.J. Jan. 3, 2018)(quoting Imbler v. Pachtman,

424 U.S. 409, 410 (1976)(alteration in original)).  "[I]t is now well-settled law that the approval of an arrest of an individual and the subsequent filing of charges against that individual 'are at the core of the prosecutorial function.'"  Id. (quoting Munchinski v. Solomon, 618 F. App'x 150, 154 (3d Cir. 2015)).  In Count III, which is labeled "Monetary Claim Against Defendant City," Plaintiff appears to assert a claim against the Prosecution Defendant because he believes "criminal charges should have been filed against" the Individual Officers.[2]  De Jesus v. City of Phila, No. 15-4318, 2015 U.S. Dist. LEXIS 104967, at *1-2 (E.D. Pa. Aug. 11, 2015).  "However, a private citizen does not have a judicially cognizable interest in the criminal prosecution or nonprosecution of another."  Id. (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 1973)); see also Johnson v. United States DOJ, 541 Fed App'x 160, 161 (3d Cir. 2013)("[P]rosecutors are absolutely immune from liability for actions performed "in a quasi-judicial role," including filing and bringing criminal charges against a defendant."); Derrick v. United States DOJ, No. 12-1842, 2012 U.S. Dist. LEXIS 187985, at *12 (M.D. Pa. Sept. 17, 2012)(quoting Wayte v. United States,

---

[2] The Complaint includes no allegation regarding Leone; however, Plaintiff's list of where to serve Defendants lists Leone together with the "Office of Prosecutor."  (ECF No. 1 at 13.)  Accordingly, the Court's analysis regarding Leone focuses on the sole allegation tailored to prosecution, which is the decision to not file criminal charges against the Individual Officers.

5

470 U.S. 598, 607 (1985)("[D]ecisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, 'particularly ill-suited to judicial review.'")). Accordingly, Plaintiff's Complaint must be dismissed against the Prosecution Defendant and Leone; and

    WHEREAS, the Court is aware that "[w]hen a plaintiff files a complaint pro se and is faced with a motion to dismiss, 'unless amendment would be futile, the District Court *must* give a plaintiff the opportunity to amend her complaint.'" Spann v. Cumberland/Salem Mun. Court, No. 21-11066, 2021 U.S. Dist. LEXIS 102393, at *4 (D.N.J. June 1, 2021)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008)(emphasis in original)). Based on the well-established case law, it appears that any attempt to amend Plaintiff's Complaint against the Prosecution Defendant and Leone would be futile. Accordingly, the Complaint will be dismissed with prejudice against the Prosecution Defendant and Leone, see Spann, 2021 U.S. Dist. LEXIS 102393, at *7 (dismissing a pro se plaintiff's complaint with prejudice during an IFP screening because any attempt to amend would be futile); and

WHEREAS, regarding the Individual Officers, the Court finds that Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim.  As discussed above, Rule 8 requires Plaintiff's Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even liberally construing the Complaint, Plaintiff fails to provide fair notice of the grounds on which he intends to rest his claims.  Although the Complaint gives an overview of events that occurred on June 28, 2020 and February 8, 2021, it contains nearly no factual allegations specific to any particular Individual Officer.  For example, Plaintiff names McCarthy, Heleston, McDowell, and Ericco but fails to delineate their actions anywhere in the factual allegations of the Complaint.  Instead, throughout the factual allegations, Plaintiff generally refers to "Officer."[3]  As a result, the Individual Officers would be unable to discern which allegations apply to any of them individually.  "This group pleading is prohibited." Szemple v. Rutgers Univ., No. 19-13300, 2021 U.S. Dist. LEXIS 32899, at *7 (D.N.J. Feb. 22, 2021)(citing Galicki v. New Jersey, No. 14-169, 2015 U.S. Dist.

---

[3] Initially it appears Plaintiff defined the term "Officer" to mean Heleston.  However, Plaintiff's allegations in Count Four and Five, which relate back to the earlier allegations in Count 1, make clear Plaintiff is not referencing only Heleston when using the word "Officer."

7

LEXIS 84365, at *8 (D.N.J. June 29, 2015)). "A plaintiff must allege facts that 'establish each individual [d]efendant's liability for misconduct alleged." Id. (citing Galicki, 2015 U.S. Dist. LEXIS 84365, at *8). Further, although Plaintiff identifies the Individual Officers under Count Four and Count Five, this part of the Complaint is a collection of bare conclusions against the Individual Officers, which is insufficient to state a claim for relief. Id. (citing Kaplan v. Holder, No. 14-1740, 2015 U.S. Dist. LEXIS 33376, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Counts Four and Five follow the same pattern. Plaintiff refers to the Individual Officers and then concludes that they committed torts against him without alleging any facts to support those conclusions, aside from the initial more detailed factual allegations in Count One that refer to "Officer," without identifying the specific officer.[4] For these reasons, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." Johnson v.

---

[4] Plaintiff's Count Four also lists a conclusory allegation against "Defendant Patrolman Nichole Davis." (ECF No. 1 ¶25.) However, the caption fails to list Davis as a defendant. If Plaintiff wishes to amend his Complaint to cure the deficiencies detailed in this Order and pursue claims against Davis, then Plaintiff should make sure to include factual allegations related to Davis specifically and list Davis as a defendant in the caption of the amended complaint.

Koehler, No. 18-00807, 2019 U.S. Dist. LEXIS 42006, at *8 (M.D. Pa. Mar. 15, 2019); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement," Iqbal, 556 U.S. at 678, and dismiss the Complaint against the Individual Officers, without prejudice, for failure to state a claim and for failure to comply with Rule 8. See Szemple, 2021 U.S. Dist. LEXIS 32899, at *9 (dismissing pro se Plaintiff's complaint for failure to comply with Rule 8 and failure to state a claim where Plaintiff failed to refer Defendants individually and provide them fair notice of the grounds on which he intends to rest his claims).  Plaintiff will be granted leave to file within thirty (30) days an amended Complaint, consistent with this Order, to expand upon his claims against the Individual Officers; and

WHEREAS, Plaintiff additionally fails to state a claim against the Police Department and City of Camden County.  In Count III, Plaintiff appears to be asserting a Monell liability claim against the Borough of Lindenwold. Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).  However, the caption of Plaintiff's Complaint fails to list the Borough of Lindenwold as a defendant.  Instead, the only municipality listed in the caption is the City of Camden County despite Plaintiff's allegations that the Individual Officers were

9

employed by the Borough of Lindenwold rather than the City of Camden County.  As currently drafted, Plaintiff's Complaint fails to state a claim against the City of Camden County as it fails to include any factual allegations against the City of Camden County.[5]  Plaintiff's Complaint also fails to state a claim against the Police Department because the proper Defendant in a § 1983 Monell liability claim is the city or municipality not a police department.  This is because "[i]n New Jersey, a municipal police department is not an entity separate from the municipality."  Alexander v. Borough of Pine Hill, No. 17-6418, 2020 U.S. Dist. LEXIS 215661, at *32 (D.N.J. Nov. 18, 2020)(quoting Florentino v. City of Newark, No. 19-21055, 2020 U.S. Dist. LEXIS 157264, at *9 (D.N.J. Aug. 31, 2020)). "Further, [i]n Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."  Id. (quoting Padilla v. Twp. of Cherry Hill, 110 Fed. App'x 272, 278 (3d Cir. 2004)).  Morever, even if Plaintiff correctly named the

---

[5] Plaintiff's Complaint appears to first define the word "City" to mean the City of Camden County; however, the Complaint later defines the term "City" to mean the Borough of Lindenwold. Besides the initial reference to the City of Camden County in the introductory paragraph, no other factual allegations seem to relate to the City of Camden County as the allegations that reference "City" later in the Complaint relate to policies and procedures for training Lindenwold officers.

10

Borough of Lindenwold as a defendant instead of the Police Department and City of Camden County, Plaintiff's Monell liability claims against the Borough of Lindenwold would still fail. Because the Court has already determined that Plaintiff's constitutional claims against the Individual Officers, as currently pled, must be dismissed, Plaintiff would not be able to maintain a parallel Monell liability claim against the Borough of Lindenwold under § 1983. See Marable v. West Pottsgrove Twp., 176 Fed. App'x 275, 283 (3d Cir. 2006) (stating that "a municipality may not incur Monell liability as a result of the actions of its officers when its officers have inflicted no constitutional injury"); Williams v. West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (stating that a municipal defendant "cannot be vicariously liable under Monell unless one of [its] employees is primarily liable under section 1983 itself"). The dismissal against the Police Department will be with prejudice. This is because any attempt to amend Plaintiff's Complaint against the Police Department would be futile based on the well-established case law, see Spann, 2021 U.S. Dist. LEXIS 102393, at *7 (dismissing a pro se plaintiff's complaint with prejudice during an IFP screening because any attempt to amend would be futile). The dismissal against the City of Camden County will be without prejudice. Although it seems unlikely given that Plaintiff's claims are centered on his encounter with Individual

11

Officers employed by the Borough of Lindenwold and not the City of Camden County, Plaintiff will be granted leave to file within thirty (30) days an amended Complaint, consistent with this Order, to expand upon his claims against the City of Camden County;

THEREFORE,

IT IS on this 22nd day of July, 2021

ORDERED that Plaintiff's IFP application (ECF No. 1-1) be, and the same hereby is, GRANTED, and the Clerk of Court is directed to file Plaintiff's Complaint; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED WITH PREJUDICE as to the Prosecution Defendant, Leone, and Police Department, as any attempt to amend would be futile; and it is further

ORDERED that Plaintiff's Complaint be, and the same hereby, is DISMISSED WITHOUT PREJUDICE as to the Individual Officers and the City of Camden County; and it is further

ORDERED that within 30 days of this Order, Plaintiff may file an amended complaint addressing the pleading deficiencies set forth in this Order, subject to this Court's review under § 1915(e)(2); and it is further

ORDERED that the failure of Plaintiff to file an amended complaint within 30 days shall result in dismissal of Plaintiff's Complaint with prejudice; and it is further

ORDERED that the Clerk of Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and mark this case closed.

At Camden, New Jersey

_s/ Noel L. Hillman_
NOEL L. HILLMAN, U.S.D.J.