UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RENÉ DALLAS EDWARDS,

        Plaintiff,

  v.

LINDENWOLD POLICE DEPARTMENT,
et al.

        Defendants.

No. 1:21-cv-13076-NLH-MJS

**OPINION AND ORDER**

---

**HILLMAN**, **District Judge**

    WHEREAS, on June 28, 2021, Plaintiff René Dallas Edwards ("Plaintiff") filed a complaint alleging excessive force, battery, gross negligence, and other claims against the Lindenwold Police Department ("LPD"), Camden County Prosecutor's Office ("CCPO"), individuals from both entities, and the "City of Camden County," (ECF 1); and

    WHEREAS, Plaintiff's complaint included an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"), (ECF 1-1); and

    WHEREAS, on July 22, 2021, the Court granted Plaintiff's IFP application, dismissed Plaintiff's claims against LPD, CCPO, and an individual from CCPO with prejudice, dismissed Plaintiff's claims against the county and individual LPD

officers without prejudice, and provided Plaintiff thirty days to file an amended complaint addressing the deficiencies described in the opinion, (ECF 3 at 12-13); and

WHEREAS, Plaintiff filed a timely first amended complaint, (ECF 5), and the Court interpreted Plaintiff's claims as alleging warrantless entry into Plaintiff's home and excessive force in violation of 42 U.S.C. § 1983, a Monell claim against Lindenwold, a supervisor-liability claim against Mayor Richard Roach, Jr., and claims of battery and gross negligence against individual LPD officers, (ECF 13); and

WHEREAS, in its March 3, 2022 opinion and order, the Court held that Plaintiff's first amended complaint sufficiently articulated causes of action for warrantless entry and gross negligence and battery as to Individual Defendant Heleston, (id. at 15, 25, 27), and dismissed without prejudice Plaintiff's excessive force claim due to lack of detail as to the nature of the force used against Plaintiff; the Monell claim due to the first amended complaint's conclusory allegations as to the existence of an offending policy, practice, or custom; the supervisor-liability claim against Roach for insufficiency of allegations; and the battery claim against Individual Defendants McDowell and Errico for want of specific conduct alleged; and further provided Plaintiff thirty days to cure the identified deficiencies, (id. at 17-18, 20-21, 25-25; ECF 14); and

WHEREAS, the Court further advised Plaintiff that "when an amended complaint is filed, the previous complaint no longer performs any function in the case and cannot be utilized to cure defects in the complaint, unless the relevant portion is specifically incorporated in the new complaint," (ECF 13 at 27-28 (citing 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990))); and

WHEREAS, on March 21, 2022, Plaintiff filed a second amended complaint bringing forth substantially similar claims as the first amended complaint[1] now alleging, in support of his

---

[1] The second amended complaint reiterates the warrantless entry and gross negligence claims that the Court found cognizable in the first amended complaint, but includes the same reckless indifference to serious medical needs claim that the Court dismissed with prejudice in its earlier opinion. (ECF 13 at 14 n.5). Among the changes from Plaintiff's first to second amended complaints is the inclusion of James R. Gahn, a parole officer, as a Defendant for alleged excessive force for placing Plaintiff in an unspecified pilot program where he was allegedly beaten and sexually assaulted. (ECF 17 at ¶ 7). As stated in the Court's earlier opinion, an excessive force claim under the Fourth Amendment requires an unreasonable seizure. (ECF 13 at 16 (citing Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989))). Under the Eighth Amendment standard applicable to incarcerated individuals, courts weigh the need to apply force, the relationship between that need and the force used, and the extent of the injury. See Young v. Martin, 801 F.3d 172, 177 (3d Cir. 2015) (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)). It is unclear from the second amended complaint which standard would apply as few details about the pilot program are provided and Plaintiff fails to articulate facts sufficient to sustain an action under either standard. Therefore, the Court will dismiss Plaintiff's second amended complaint as to Gahn without prejudice. If Plaintiff continues to wish to add Gahn as a Defendant in the future he must file a proper motion to amend pursuant to Federal Rule of Procedure 15 and Local Civil

excessive-force claim, that Individual LPD Defendants burglarized his home, (ECF 17 at ¶ 1), without additional details as to the allegedly excessive force directed toward Plaintiff; and

WHEREAS, on review of the second amended complaint, the Court also finds that Plaintiff has not provided additional specificity as to the policy, practice, or custom supporting his Monell claim or details supporting his supervisor-liability claim against Roach, but has articulated battery claims against Heleston and McDowell;[2] and

WHEREAS, on June 29, 2022, Plaintiff made an additional filing purportedly related to an amended complaint, but which

---

Rule 15.1 and cure the deficiencies noted above.

[2] In its prior opinion, the Court held that Plaintiff sufficiently alleged a claim of battery as to Heleston. (ECF 13 at 25 (citing ECF 5 at 6)). Plaintiff does not repeat those same allegations against Heleston in the second amended complaint, but rather states that Heleston struck him and McDowell kicked him in the groin. (ECF 17 at ¶ 27). Complicating the Court's interpretation is the fact that Plaintiff claims that these acts were directed toward "Plaintiff HOUSE DOOR," (id.), however the identification of a specific area of the body leads the Court to understand Plaintiff as alleging actions directed toward him. The tort of battery rests upon a nonconsensual touching, see Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009), and intentional tort and negligence claims may be advanced in the alternative, see Durkan v. Pegill, Inc., No. A-2327-04T3, 2006 N.J. Super. Unpub. LEXIS 1981, at *16 (N.J. Super. Ct. App. Div. Oct. 25, 2006). Therefore, the Court finds that Plaintiff has articulated cognizable battery claims against Heleston and McDowell.

4

does not appear to be an amended complaint and, instead expresses grievances relating to the judicial process, (ECF 22);[3] and

WHEREAS, proceedings in forma pauperis are governed by 28 U.S.C. § 1915, see James v. Quinlan, 886 F.2d 37, 39 (3d Cir. 1989), and while § 1915 refers to prisoners, "federal courts apply § 1915 to non-prisoner IFP applications," Driscoll v. Tropicana Atlantic City Corp., No. 1:22-cv-05157, 2022 WL 17547254, at *2 (D.N.J. Dec. 8, 2022)(citing Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011)); and

WHEREAS, § 1915 requires dismissal upon a court's determination that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief, 28 U.S.C. § 1915(e)(2); and

---

[3] To the extent that ECF 22 is intended to serve as motion to amend, the Court notes that it is procedurally deficient. Pursuant to Local Civil Rule 15.1, motions to file amended pleadings are to be accompanied by a copy of the proposed amended pleading and a form of the amended pleading indicating how it differs from the pleading it is intended to amend. L. Civ. R. 15.1(a). This deficiency is grounds for denial. See Revell v. Port Auth. of N.Y. and N.J., No. 06-402, 2007 WL 2462627, at *1 (D.N.J. Aug. 27, 2007). Even if the Court were willing to overlook failure to adhere to Local Civil Rules, the Court finds that the purported motion merely expresses grievances and does provide the Court with a matter on which to rule. Therefore, the Court will deny the motion and interpret the March 21, 2022 filing, (ECF 17), as the amended pleading to be considered.

WHEREAS, the failure to state a claim standard of § 1915(e)(2)(B)(ii) is the same as that of Federal Rule of Civil Procedure 12(b)(6), Farrell v. Brady, 782 Fed. Appx. 226, 228 n.1 (3d Cir. 2019) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)); and

WHEREAS, to survive dismissal under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Doe v. Princeton Univ., 30 F.4th 335, 341-42 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and – accepting the plaintiff's factual assertions, but not legal conclusions, as true – "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" id. at 342 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); and

WHEREAS, district courts are to provide plaintiffs proceeding in forma pauperis with an opportunity to amend deficient complaints unless amendment would be inequitable or futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002), but persisting deficiencies may lead to dismissal, see Itiowe v. Trentonian Owner and CEO, No. 13-cv-5779, 2014 WL 5358993, at *3-4 (D.N.J. Oct. 20, 2014) (denying the plaintiff's motion to amend, finding that she was given an

6

opportunity to amend by way of her IFP filing, did not cure the identified deficiencies, and continued to seek criminal charges against the defendants, which did not meet the standards of Federal Rules of Civil Procedure 8 and 12(b)(6)); and

WHEREAS, Plaintiff has been provided two opportunities to amend his complaint and has failed to cure the deficiencies identified by the Court, namely details regarding the nature of the physical force used against him; the alleged policy, practice, or custom supporting his Monell claim; specific actions or inactions of Roach supporting supervisor-liability; and the alleged non-consensual contact supporting Plaintiff's battery claim against Errico; and

WHEREAS, because Plaintiff has failed to cure these deficiencies, those claims must be dismissed, see 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

THEREFORE,

IT IS HEREBY on this  8th   day of  February , 2023

ORDERED that Plaintiff's pending motion, (ECF 22), shall be denied; and it is further

ORDERED that Plaintiff's excessive force, Monell, and supervisor-liability claims as well as his claims of battery as to Errico shall be dismissed with prejudice; and it is further

ORDERED, that upon Plaintiff sending the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[4]

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[4] Alternatively, the United States Marshal may notify Defendants that an action has been commenced and request that they waive personal service of a summons in accordance with Federal Rule of Civil Procedure 4(d).