## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **RENÉ DALLAS EDWARDS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LINDENWOLD POLICE DEPARTMENT,** *et al.*,<br><br>**Defendants.** | **Case No. 21–cv–13076–ESK–MJS**<br><br><br>**OPINION AND ORDER** |

    **THIS MATTER** having come before the Court on plaintiff's response (ECF No. 36 (Pl.'s Sept. 10, 2025 Resp.)) to the Court's order to show cause (ECF No. 34 (Sept. 2, 2025 Order)); and the Court finding:

    1.    Plaintiff originally filed this action in June 2021, alleging excessive force, battery, reckless indifference, and gross negligence stemming from an incident with Lindenwold police officers. (ECF No. 1.) Plaintiff further sought to proceed *in forma pauperis.* (ECF No. 1–1.) In a July 22, 2021 order, District Judge Noel L. Hillman (Ret.) granted plaintiff's *in forma pauperis* application, dismissed the complaint, and provided plaintiff 30 days to file an amended complaint. (ECF No. 3.) Failure to file an amended complaint within 30 days was to result in dismissal with prejudice. (*Id.* p. 12.)

    2.    Plaintiff filed a timely amended complaint. (ECF No. 5.) He also filed motions for Judge Hillman to recuse himself and for the Court to adopt the report of a special master. (ECF No. 4; ECF No. 6; ECF No. 8.) Judge Hillman denied plaintiff's motions, noting that his request for recusal was unsupported and he failed to provide any purported special master report. (ECF No. 13 pp. 11, 12; ECF No. 14 (March 3, 2022 Order).) He also dismissed plaintiff's battery claim against all defendants except Chief Lieutenant Heleston; dismissed without prejudice plaintiff's excessive-force claims and claims against defendants Lindenwold, Mayor Richard Roach, Jr., and Michael P. McCarthy; and dismissed with prejudice plaintiff's claim relating to indifference to medical needs. (March 3, 2022 Order.) Plaintiff was again provided 30 days to file an amended complaint. (*Id.* p. 2.)

    3.    Plaintiff moved for the appointment of pro bono counsel (ECF No. 16), which Magistrate Judge Matthew J. Skahill denied (ECF No. 23). He also

filed an amended complaint (ECF No. 17) followed by various additional filings including demands for settlement and video conferences and sheriffs service (ECF No. 18; ECF No. 19; ECF No. 20; ECF No. 21).    Plaintiff further filed a purported motion to amend (ECF No. 22), which Judge Hillman concluded primarily detailed grievances and nonetheless dismissed as procedurally improper (ECF No. 24 (Feb. 8, 2023 Order) pp. 4, 5, 5 n. 3).    In the February 8, 2023 order, Judge Hillman dismissed with prejudice plaintiff's excessive-force, *Monell*, and supervisor liability claims along with his battery claim against Individual Defendant Errico.    (*Id.* p. 7.)    He further dismissed without prejudice and with leave to amend plaintiff's excessive-force claim against Individual Defendant James R. Gahn.    (*Id.* p. 3 n. 1.)    Finally, he permitted plaintiff's battery claims against Individual Defendants Heleston and McDowell to proceed and directed service by the United States Marshals Service.    (*Id.* p. 4 n. 2, 8.)

4.    The Clerk's Office transmitted USMS Form 285s to plaintiff on February 14, 2023.    (ECF No. 25 (Feb. 14, 2023 Letter).)    The transmittal letter explained that plaintiff was required to complete and return the Form 285s in a single mailing within 30 days.    (*Id.*)    It further advised that service by the United States Marshals Service did not extend the 90-day service window and failure to serve or request an extension within 90 days could lead to dismissal pursuant to Federal Rules of Civil Procedure (Rules) 4(m) and 41(b).    (*Id.*)

5.    Plaintiff did not make any filings until his response to the Clerk's notice of call for dismissal (ECF No. 26 (Aug. 9, 2023 Notice)), to which he responded on August 21, 2023 (ECF No. 27 (Pl.'s Aug. 21, 2023 Resp.)).    The response included Form 285s—including for defendants for whom claims were dismissed—and motions for a settlement conference and, again, to accept the report of a special master.    (ECF No. 27–1 (Pl.'s Aug. 21, 2023 Mot. Letter); ECF No. 27–2; ECF No. 27–3.)    Notably, there is no evidence that plaintiff complied with the Clerk's transmittal letter.[1]

---

[1] Insofar as the Form 285s were submitted belatedly and contrary to the Clerk's transmittal letter, they sought to serve Heleston and McCarthy at the Lindenwold Police Administration Building.    (Pl.'s Aug. 21, 2023 Mot. Letter pp. 5–8.)    Similar service attempts have been rejected in this District.    *See, e.g.*, *Brown v. Quinn*, Case No. 20–07002, 2021 WL 5782973, at *2–3 (D.N.J. Dec. 7, 2021) (concluding that attempted service on the individual defendant at New Jersey State Police Headquarters did not comport with Rule 4(e)).    It further appears as though plaintiff has referred to Heleston by the incorrect name.    (ECF No. 38.)    "While Fed. R. Civ. P. 4(c)(3) requires that the court effect service of the summons and complaint for a plaintiff who is proceeding [*in forma pauperis*], the plaintiff must provide sufficient

6.    On August 20, 2025, a second notice of call for dismissal was entered. (ECF No. 30 (Aug. 20, 2025 Notice).)  Plaintiff responded with motions for an investigation into the processing of this case, a motion for pro bono counsel, and a hearing.  (ECF No. 31; ECF No. 32; ECF No. 33.)  I responded with an order summarizing the case's proceedings, recognizing plaintiff's obligation to effectuate service within 90 days of the filing of the complaint pursuant to Rule 4(m), and noting that service via the United States Marshals Service did not relieve plaintiff of duties such as providing the information necessary to effectuate service. (Sept. 2, 2025 Order.)  I directed him to show cause "explaining his failure to effectuate service" and stated that failure to do so would result in dismissal with prejudice.  (*Id.*)  My instructions mirrored those provided to plaintiff in the Clerk's transmittal letter.  (Feb. 14, 2023 Letter.)

7.    Plaintiff responded with a notice to the Clerk advising "TAKE NOTICE, PER JUDGE 'ORDER' SERVE ALL DEFENDANTS."  (Pl.'s Sept. 10, 2025 Resp.)  This response is an inaccurate depiction of my and Judge Hillman's orders and further fails to show cause as instructed.

8.    District courts possess discretion to *sua sponte* dismiss cases for failure to prosecute or comply with orders pursuant to Rule 41(b) so long as they apply the balancing test of *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).  *See Nieves v. Thorne*, 790 F. App'x 355, 357 (3d Cir. 2019) (reviewing dismissal for abuse of discretion).

> Under *Poulis*, a court must weigh: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

> *Id.* (quoting *Poulis*, 747 F.2d at 868.)

9.    I conclude that plaintiff's prolonged failure to serve defendants despite Judge Hillman providing him with the opportunity to effectuate service

---

information for the court to do so."  *Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013).

via the United States Marshals Service warrants dismissal with prejudice under *Poulis*.

10.   First, plaintiff is proceeding *pro se* and is thus personally responsible for his actions.   *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017). Plaintiff was provided the Form 285s two and a half years ago with explicit instructions that they were to be mailed back within 30 day, he was obligated to comply with Rule 4(m)'s service deadline, and that he faced dismissal if he did not comply with that deadline.   (Feb. 14, 2023 Letter.)   He has further been advised of his obligation to prosecute his case in two separate notices of call for dismissal (Aug. 9, 2023 Notice; Aug. 20, 2025 Notice) and my order (Sept. 2, 2025 Order).   Similar failures have been found within this District to meet the first *Poulis* factor.   *See Putney v. N.J. Dep't of Corrs.*, Case No. 18–15716, 2019 WL 3928708, at *1 (D.N.J. Aug. 20, 2019).

11.   Second, defendants have been prejudiced by plaintiff's failure to effectuate service.   *See McCall v. Repice*, Case No. 18–15395, 2019 WL 3928706, at *1 (D.N.J. Aug. 20, 2019) (noting that the plaintiff failed to return the completed Form 285 and thus the defendant had not been served).   Judge Hillman permitted plaintiff's battery claims against Heleston and McDowell to proceed.   (Feb. 8, 2023 Order p. 4 n. 2.)   The applicable statute of limitations for a battery claim is two years.   *See* N.J. Stat. Ann. § 2A:14–2.   The period of time since Judge Hillman's order permitting the battery claims to proceed is longer than the statute of limitations for such claim.

12.   Third, plaintiff has exhibited a history of dilatory behavior.   It took over a year for plaintiff's complaint to reach the point where a viable claim was pleaded, with plaintiff filing numerous meritless motions to disqualify, for a settlement conference, and to adopt an unidentified report of a special master. Plaintiff was finally provided an opportunity to pursue some of his claims with Judge Hillman's February 8, 2023 order and the transmittal of the Form 285s. (Feb. 8, 2023 Order; Feb. 14, 2023 Letter.)   He did not return those forms as instructed or seek extensions.   Instead, he has spent the past two years making unwarranted demands when prompted by notices of call for dismissal. Meanwhile, defendants remain unserved.   *See Pearson v. Phila. Prison Sys.*, Case No. 16–00240, 2017 WL 68575, at *6 (E.D. Pa. Jan. 6, 2017) (counting the plaintiff's failure to comply with orders directing him to complete and return Form 285s as an example of his history of dilatoriness).   Plaintiff's decision to respond to my order to show cause with a notice to the Clerk misconstruing my directive and failing to show cause illustrates an unwillingness to follow my directions.

13.    Fourth, plaintiff is proceeding *pro se* and thus only "he can take steps to prosecute the case." *Dickens*, 700 F. App'x at 118.    Plaintiff was instructed as to his obligation to mail the Form 285s within 30 days and that failure to effectuate service within 90 days could lead to dismissal. (Feb. 14, 2023 Letter.)    Plaintiff responded to the August 2023 notice of call for dismissal by asking Judge Hillman to "ALLOW MY CASE TO PROCEED, DUE TO I'M SERIOUSLY ILL, IT'S HARD FOR ME TO RESPOND I HAVE ASK [sic] FOR SO MANY COURT HEARINGS AND DEMAND FOR A COURT/TRIAL FOR THE I[M]PROPER ACTIONS." (Pl.'s Aug. 21, 2023 Resp. p.2.)    Plaintiff did not explain his failure to comply with the Clerk's instructions. *See Williams v. Vinter*, Case No. 18–1221, 2020 WL 2332021, at *2 (E.D. Pa. May 11, 2020) ("[B]ecause the Court warned that failure to return the USM-285 forms could result in dismissal of the case, the Court can only conclude that Plaintiffs' failure to comply was not accidental but reflects a willful disregard for the Court's instructions.").

14.    Fifth, plaintiff was warned of potential dismissal over two years ago in the Clerk's transmittal letter. (Feb. 14, 2023 Letter.)    Since then, he has received two notices of call for dismissal, each explaining that he faced potential dismissal pursuant to Local Civil Rule 41.1 for failure to prosecute because his case had been pending for more than 90 days. (Aug. 9, 2023 Notice; Aug. 20, 2025 Notice.)    Most recently, I directed plaintiff to show cause for failure to effectuate service and advised that "[f]ailure to show cause will result in dismissal of all claims with prejudice." (Sept. 2, 2025 Order.)    When a litigant is proceeding *in forma pauperis* as plaintiff is, the threat of monetary sanctions such as fines is unlikely to result in compliance and sanctions other than dismissal are inappropriate for failure to prosecute. *See Pearson*, 2017 WL 68575, at *7 (finding that the lack of alternative available sanctions weighed heavily in favor of dismissal).

15.    Finally, I consider the merits of plaintiff's claims.    This is the one factor that does not favor dismissal as Judge Hillman permitted plaintiff's battery claims to proceed. (Feb. 8, 2023 Order pp.4 n.2.)    This factor is not dispositive, however.    Though Judge Hillman's conclusion indicates that plaintiff's battery claims are not meritless on their face, "it is unclear whether his claims would survive summary judgment." *Jones v. Brown*, Case No. 19–00894, 2020 WL 219719, at *3 (E.D. Pa. Jan. 14, 2020) (quoting *Palmer v. Rustin*, Case No. 10–00042, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011)) (finding that the sixth factor did not weigh for or against dismissal).    While dismissal with prejudice is an admittedly severe sanction, I find that the protracted history of this case along with courts' dismissals with prejudice when confronted with similar facts within this Circuit, *see id.*; *Pearson*, 2017 WL 68575, at *8, warrants that result.

Accordingly,

**IT IS** on this **25th** day of **September 2025**   **ORDERED** that:

1.    The amended complaint at ECF No. 17 is **DISMISSED WITH PREJUDICE**.

2.    The Clerk is directed to mail a copy of this order to plaintiff's address of record and mark this case **CLOSED**.


   */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

6